UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| INA SCHNITZER, EMILY SCOTT, AND RACHEL BERNSTIEN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:20-cv-1183-JES-JEH |
| v. | ) ) | |
| WOODFORD INVESTMENTS, INC. D/B/A KAPPA MEN'S CLUB D/B/A KAPPA KABANNA, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Woodford Investment, Inc.'s Motion (Doc. 14) to Dismiss in Part. For the reasons stated below, the Motion is GRANTED.

### BACKGROUND

For the purposes of resolving this Motion, the Court takes the factual allegations from Plaintiff's Amended Complaint (Doc. 9) as true. The Plaintiff first filed this case in this Court on May 1st, 2020 against RCI Dining Services as well as the Defendants listed in this Order. Doc. 1, at 1. RCI Dinning Services was later dismissed and an Amended Complaint was filed. In that Amended Complaint, Plaintiffs claim that Defendants misappropriated and published without authorization the images and likeness of the Plaintiffs in violation of 28 U.S.C. § 1125(a)(1)(A) and in violation of the Illinois Right of Publicity Act (IRPA), 765 ILCS 1075/10. *Id.* To substantiate those claims, Plaintiffs allege they are well known professional models who regularly work with companies, magazines, etc. in advertising and promoting products, and that this career places a high value on professional reputation. Doc. 9, at 6. Thus, any injury to that

1

professional reputation would be harmful to Plaintiffs' career opportunities. *Id.* Plaintiffs then allege that Defendants used Plaintiffs' images and likeness on their Facebook page and on other social media without authorization or compensation to promote Kappa Kabana, a strip club owned and operated by Defendants. Doc. 9, at 5. Using these images would then imply that Plaintiffs were then somehow either employed by or endorsed the Kappa Kabana establishment when in fact they had no affiliation with Kappa Kabana or Defendants. *Id.*

These facts led to a series of claims in the Amended Complaint from each Plaintiff: Plaintiff Carver alleged 5 claims (I-V), Doc. 9, at 16-27; Plaintiff Scott alleged 5 claims (I-V), Doc. 9, at 27-38; and Plaintiff Koren alleged 5 claims (I-V); Doc. 9, 38-50. Each of these claims were substantively similar in category. *See* Doc. 9, at 16-50. In Counts I and II each Plaintiff alleges complaints based on violation of 15 U.S.C. § 1125(a), and Counts III – V are based on violations of IRPA and negligence/*respondeat superior*. *See* generally Doc. 9, 16-50. Defendants then moved this Court to dismiss Counts III, IV, and V from each Plaintiff, alleging that each of these claims were barred by statute of limitations and thus should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 14, at 3-5; Doc. 14-1. The Plaintiffs responded to the Motion, arguing that the harms causing the action under IRPA and the *respondeat superior* doctrine are related to ongoing harms, and thus are not barred by statutes of limitations. Doc. 16, 3-7. Both parties concede that the claim was filed more than two years after the images were first posted by the Defendants. Doc. 14, at 3-4; Doc. 16, at 4-6.

### LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible

inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When a defendant charges noncompliance with the statute of limitations, "[d]ismissal under Rule 12(b)(6) [is] irregular, for the statute of limitations is an affirmative defense." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Because "complaints need not anticipate and attempt to plead around defenses," *id.*, a motion to dismiss based on failure to comply with the statute of limitations should be granted only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "The plaintiff must affirmatively plead himself out of court; the complaint must "plainly reveal [ ] that [the] action is untimely under the governing statute of limitations." *Id.* In Illinois, "The purpose behind a statute of limitations is to prevent stale claims, not to preclude claims before they are ripe for adjudication and certainly not to shield a wrongdoer. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 88 (Ill. 2003) (citing *Guzman v. C.R. Epperson Construction, Inc.,* 752 N.E.2d 1069 (Ill. 2001)); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 334 N.E.2d 160 (Ill. 1975).

**DISCUSSION**

Defendants move to dismiss Counts III and IV of each Plaintiff's claim because "Plaintiffs' IRPA claims are barred by the statute of limitations and should . . . be dismissed with prejudice." Doc. 14, at 3. They echoed this argument for the negligence/*respondeat superior* claims (Count V). *Id.* at 5. The IRPA has a statute of limitations of one year. *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1191 (Ill. App. Ct. 2006). The statute of limitations for negligence claims is two years. 735 ILCS 5/13-202. If the claim of negligence is untimely then the *respondeat superior* claim fails as well. *See Hollander v. Brown*, 2005 WL 1563125, *5 (N.D. Ill. 2005).

The Plaintiff argues that the claims are not barred by any statute of limitations because of the "continuing violation theory." Doc. 16, at 4. Defendants argue that the continuing violation theory ought not to apply to the IRPA issues because "the single publication rule" governs IRPA cases such as these. Doc. 14-1, at 4-5. They argue the negligence/*respondeat superior* claims are also barred for the same reasons. *Id.* at 5-6.

The posting of images in this case is substantially like those which Illinois courts found constituted a single overt act, not a continuing violation. This Court is bound to follow the Illinois statutes of limitations when discussing Illinois laws. "State law provides the statutes of limitations that apply to state law claims in federal court." *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006). The statute of limitation for issues arising out of IRPA claims is one year. *See Yeager v. Innovus Pharm., Inc.*, No. 18-cv-397, 2019 WL 447743, at *4 (N.D. Ill. Feb. 5, 2019). When the tort at issue involves a continuing or repeated injury, courts will sometimes find that the statute of limitations had not started to run until sometime later. *Blair*, 859 N.E.2d at 1192 ("Under the 'continuing violation rule,' where a tort involves a continuing or repeated injury the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease.").

Where there is a single overt act from which subsequent damages may flow, however, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury. *Id.* (citing *Feltmeier*, 798 N.E.2d at 85 (Ill. 2003)). In *Blair*, the court held that although a picture of the plaintiff was used repeatedly over a period of time, it was used for the single purpose of advertising and therefore did not "denote a continuing course of conduct for which the limitations period can be tolled." *Martin v. Living Essentials, LLC*, 160 F. Supp. 3d 1042, 1046 (N.D. Ill.), *aff'd*, 653 F. App'x 482 (7th Cir. 2016) (citing *Blair*, 859 N.E.2d at 1193).

The facts at hand in this case are comparable to those in *Blair*. The *Blair* court noted that the defendant in that case had published pictures in a casino over a period of time, in various locations, but for a "single purpose . . . to advertise." *Blair*, 859 N.E.2d at 1193 (Ill. App. Ct. 2006). The court in *Blair* found that this was enough to justify calling the act a single occurrence starting at the first posting rather than a continuing violation. *Id.* The Defendants in this case published the images in question over a period of time, in various locations, but for a single purpose: advertising. Doc. 9, at 5-6. The continuing nature of this publication "is relevant to damages, but does not denote a continuing course of conduct for which the limitations period can be tolled." *Id.* This Court is bound by Illinois law in this case, and Illinois courts have ruled that factually similar cases to this are not continuing violations for IRPA claims.

Plaintiffs cite to *Feltmeier v. Feltmeier* at length to argue that a "continuous and unbroken course of treatment [could constitute] one continuing wrong." Doc. 16, at 6. However, in *Feltmeier*, the court held that "the continuing tort rule should be extended to apply in *cases of intentional infliction of emotional distress*." *Feltmeier*, 798 N.E.2d at 88 (Ill. 2003) (emphasis added). "A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation . . . Thus, where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest

and inflicted injury, and this is so despite the continuing nature of the injury." *Id.* at 85. Additionally, the court in *Feltmeier* took specific time to note that continued harm from an initial use does not normally constitute a continued use. *Id.* To apply the *Feltmeier* holding, arising from a case about intentional infliction of emotional distress, to a case of misappropriation of images merely because both had some elements of continued action over time would be inappropriate. The Court in *Feltmeier* specifically noted that the context of making sure spousal abuse could be dealt with was relevant in their decision. *Id.*

The case at hand here is not an issue of spousal abuse. It is an issue of handling images. Plaintiffs allege that these pictures were posted on social media and that "images, likeness, and/or identity are depicted in at least one photograph . . . which was posted on social media on at least one ocassion (*sic*) and has remained publically (*sic*) posted since those initial posting, constituting a continuous and ongoing harm." Doc. 9, at 10 (paratheses removed). They continue, "Defendants' unauthorized use of Carver's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendants used the subject image was ongoing and continuous in that any person visiting Defendants' Facebook account could view, access, and even download the image from the date it was first posted until present." Doc. 9, at 11. The Amended Complaint alleges similar facts for all three Plaintiffs. Doc. 9, at 12-16. These facts are distinct from the *Feltmeier* fact pattern. Rather, the facts as alleged demonstrate that the harm was the result of one continuous posting. The continuing violation doctrine does not apply in this case. It cannot be used either directly in the IRPA claim or through a negligence claim to extend the statute of limitations.

Therefore, the continuing violation doctrine does not apply to claims III, IV, or V of any of the Plaintiffs and those claims are barred by the statute of limitations. Because the Plaintiffs filed these claims after the relevant statute of limitations had run, they cannot pursue these claims.

## CONCLUSION

For the reasons set forth above, Defendant Woodford Investment Inc.'s Motion to Dismiss in Part (Doc. 14) is GRANTED. Claims III, IV, and V of each Plaintiff are DISMISSED with PREJUDICE. Plaintiffs are directed to file an amended complaint consistent with this Order within 21 days.


Signed on this 17th day of March, 2021.

s/ James E. Shadid
James E. Shadid
United States District Judge
